IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TAYLOR MAYR,

                      Plaintiff,

    v.                                                                    ORDER

HUSKY ENERGY, INC., and SUPERIOR                      18-cv-917-jdp
REFINING COMPANY LLC,

                      Defendants.

---

       Plaintiff Taylor Mayr was injured in an explosion at an oil refinery in Superior, Wisconsin. He filed this suit alleging that the refinery's owners, defendants Husky Energy, Inc., and Superior Refining Company LLC, are liable for his injuries.

       Mayr invokes this court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332. But because the allegations in the complaint are insufficient to determine whether the court can exercise diversity jurisdiction, the court will direct Mayr to file an amended complaint containing the necessary allegations.

       "Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'rs, Local 150 v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009). Unless the party invoking federal jurisdiction establishes complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the court must dismiss the case for lack of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). The party invoking federal jurisdiction bears the burden of establishing that jurisdiction is proper. *Smart*, 562 F.3d at 802–03.

Here, Mayr alleges that diversity jurisdiction exists because: (1) the amount in controversy exceeds $75,000; and (2) the parties are completely diverse in citizenship. Dkt. 1. For the latter to be true, however, Mayr cannot be a citizen of the same state as any defendant. *Smart*, 562 F.3d at 803. Although Mayr has alleged facts sufficient to show that Husky Energy is a citizen of Canada, he has not alleged facts sufficient for the court to determine his own citizenship or the citizenship of Superior Refining.

Mayr alleges that he resides in Houston and is a resident of Texas. But this allegation does not establish Mayr's citizenship. "Residency is meaningless for purposes of diversity jurisdiction; an individual's citizenship is determined by his or her domicile." *Lake v. Hezebicks*, No. 14-cv-143, 2014 WL 1874853, at *1 (N.D. Ind. May 9, 2014) (citing *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002)). Mayr will need to amend his complaint to properly allege his citizenship, not his residence.

Mayr further alleges that "Superior Refining Company LLC . . . is a Delaware corporation with its principal office in Dublin, Ohio." Dkt. 1. But a quick search for Superior Refining's registration information shows that it is not a corporation—it is, as its name suggests, a limited liability company.[1] The citizenship of an LLC is the citizenship of each of its members. *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). The state of its incorporation and its principal place of business are irrelevant for jurisdictional purposes. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009).

Before dismissing this action for lack of subject matter jurisdiction, the court will give Mayr 14 days to file an amended complaint that alleges the facts necessary to determine

---

[1] *See* Delaware Business Entity Search, available at https://icis.corp.delaware.gov/ecorp/entitysearch/namesearch.aspx.

Mayr's citizenship and the names and citizenship of each of Superior Refining's members. In alleging Superior Refining's citizenship, Mayr should be aware that if any of its members are themselves limited liability companies, partnerships, or other similar entities, then the citizenship of those members and partners must be alleged as well. *See Meryerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002) (per curiam) ("[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be."). This is a matter that could be resolved promptly with the cooperation of counsel for Superior Refining, which the court will expect.

ORDER

IT IS ORDERED that:

1. Plaintiff may have until November 26, 2018, to file and serve an amended complaint containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332.

2. Failure to timely amend will result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered November 9, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge