IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TAYLOR MAYR,

                Plaintiff,                OPINION AND ORDER

    v.
                                                18-cv-917-wmc

HUSKY ENERGY, INC., and
SUPERIOR REFINING COMPANY LLC,

                Defendants.

Plaintiff Taylor Mayr brought claims against the owner and operator of the Husky Superior Refinery, defendants Husky Energy, Inc., and Superior Refining Company, LLC, respectively, following an explosion in which he was injured. Defendant Superior Refining has two motions presently before the court: a motion to strike specific paragraphs from plaintiff's complaint and a motion to dismiss the complaint for failure to state a claim. (Dkt. ##26, 28.) For the reasons discussed below, both motions will be denied.

## BACKGROUND[1]

In early 2018, Husky Energy scheduled a "shut down" of the Husky Superior Refinery in Superior, Wisconsin, for maintenance and installation of equipment. (Am. Compl. (dkt. #4) ¶ 3.2.) Mayr, who is a resident of Texas, was at the Refinery on April 28, 2018, when an explosion occurred, sending him airborne and causing him physical injuries. (*Id.* ¶¶ 1.1, 3.4.)

---

[1] In resolving a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court takes all factual allegations in the complaint as true and draws all inferences in plaintiff's favor. *Killingsworth v. HSBC Bank Nev.*, 507 F.3d 614, 618 (7th Cir. 2007).

Plaintiff alleges that the explosion resulted from defendants' continued use of a worn valve that malfunctioned, allowing oxygen and hydrocarbon to mix within the Refinery and become flammable. (*Id.* ¶ 3.6.) This mixture then allegedly flowed until it ignited, causing the explosion. (*Id.* ¶ 3.15.) Later that same day, the Chemical Safety and Hazard Investigation Board (the "CSB"), a federal agency that investigates accidental releases of chemicals, began investigating the explosion. (*Id.* ¶ 3.5.) The CSB compiled information and issued a report about the explosion on August 2, 2018. (*Id.* ¶ 3.6.)

OPINION

As noted, before the court are two motions filed by Superior Refining. In its motion to strike, defendant argues that the complaint improperly references the CSB report in violation of 42 U.S.C. § 7412(r)(6)(G), which prohibits the use of "conclusions, findings, or recommendations of the [CSB] relating to any accidental release or the investigation thereof" in civil actions. (Mot. Strike Br. (dkt. #29) 2-3.) For reasons amply explained in the court's decision yesterday in *Bruzek v. Husky Energy, Inc.*, No. 18-cv-697-wmc (W.D. Wis. Sept. 30, 2019) rejecting a nearly identical motion and incorporated here, that motion will be denied.

As for its motion to dismiss, Superior Refining argues that plaintiff's complaint fails to state a claim for relief. A motion to dismiss for failure to state a claim is designed to test the complaint's legal sufficiency. *See* Fed. R. Civ. P. 12(b)(6). The court must "constru[e] the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in [the plaintiff's] favor."

*Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). Dismissal is warranted only if no recourse could be granted under any set of facts consistent with the allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). To survive a motion to dismiss, a plaintiff must allege sufficient facts to state a plausible claim for relief. *Spierer v. Rossman*, 798 F.3d 502, 510 (7th Cir. 2015) (citing *Twombly*, 550 U.S. at 570). "[W]hen it is 'clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law,' dismissal is appropriate." *Parungao v. Cmty. Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017) (quoting *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86 (2d Cir. 2000)).

Here, defendant presents several arguments seeking to dismiss various claims in the complaint. For the reasons set forth below, defendant's motion will be denied as to all claims.[2]

## I. Negligence

Defendant Superior Refining raises two arguments seeking to dismiss plaintiff's negligence claim. *First*, defendant contends that plaintiff's appropriate remedy is the worker's compensation system, not a common law negligence claim. (Mot. Dismiss Br. (dkt. #27) 5.) In Wisconsin, a principal employer is generally "not liable in tort for injuries sustained by an independent contractor's employee while he or she is performing the contracted work." *Tatera v. FMC Corp.*, 2010 WI 90, ¶ 16, 328 Wis. 2d 320, 786 N.W.2d

---

[2] Defendant also argued that success on its motion to strike would leave the complaint with insufficient factual allegations to state a claim, but since that motion was denied, the court will not address this argument further.

810 (citing *Wagner v. Cont'l Cas. Co.*, 143 Wis. 2d 379, 400-01, 421 N.W.2d 835 (1988)). Plaintiff alleges that Superior Refining was his principal employer and he was an independent contractor performing the contracted work when he was injured. (*See* Am. Compl. (dkt. #4) ¶¶ 3.3-3.4 ("Defendants brought in workers from all over the United States, including Plaintiff's employer . . . .").)

As set forth above, principal employers are generally not liable for negligence claims by independent contractors performing that work, but this rule is not absolute. *Id.* ¶ 18. In particular, tort claim liability may proceed against the principal employer when the contracted work is extrahazardous.[3] *Wagner*, 143 Wis. 2d at 401. Contracted work is extrahazardous if "the risk of harm remains unreasonably high no matter how carefully it is undertaken." *Id.* at 392. Based on the allegations in the complaint, the court cannot say as a matter of law that the work plaintiff had contracted to perform was not extrahazardous. (*See* Am. Compl. (dkt. #4) ¶¶ 3.3, 3.7 (describing plaintiff's work as "chemical clean up" at a refinery while the Fluid Catalytic Cracking Unit was being shut down).) This is *not* to hold that defendant Superior Refining's worker's compensation defense may not ultimately prevail, but rather that at present, plaintiff has pleaded sufficient facts to survive defendant's worker's compensation defense at the motion to dismiss stage.[4] Discovery and later motion practice will give ample opportunity to explore

---

[3] There is a second exception to the general rule for affirmative acts of negligence by the principal employer. *See Tatera*, 2010 WI 90, ¶ 16. However, the court need not consider whether this second exception applies in the current case because the extrahazardous exception may apply, which is sufficient to take plaintiff's claim outside the scope of worker's compensation, at least at the pleading stage.

[4] Plaintiff also argued that Wisconsin's Safe Place Statute permits him to bring a negligence claim

4

the question further on a more fulsome record.

*Second*, defendant argues that plaintiff has not pleaded a prima facie case of negligence because he has not sufficiently alleged breach of duty and causation. (Mot. Dismiss Br. (dkt. #27) 9-11.) To the contrary, the complaint alleges that the defendants continued to use a worn valve at the Refinery, creating the risk of a flammable mixture, which lead to a subsequent explosion that caused the plaintiff's injuries. (Am. Compl. (dkt. #4) ¶¶ 1.1, 3.6, 3.15.)

Under Wisconsin law, defendant owes plaintiff a duty of ordinary care to act as a reasonable person would in similar circumstances. *See Gritzner v. Michael R.*, 2000 WI 68, ¶ 22, 235 Wis. 781, 611 N.W.2d 906 ("A person is negligent when [he or she] fails to exercise ordinary care. Ordinary care is the care which a reasonable person would use in similar circumstances."). At least as pleaded, the use of a defective valve, despite its worn nature and the foreseeable consequences of that wear given the potentially dangerous gases involved, could have fallen outside what a reasonable person would have done if operating the Refinery, or at least a reasonable trier of fact might so infer. Taken as true, therefore, plaintiff's allegations constitute a plausible breach of duty by defendant in the continued use of the deficient valve.

Plaintiff has also plausibly alleged causation because, according to the complaint, the use of the valve was a substantial factor in creating the flammable mixture that caused

---

in court regardless of whether his claim escaped the worker's compensation system. (Mot. Dismiss Opp'n (dkt. #33) 7.) For the same reason as set forth above with respect to defendant's worker's compensation defense, the court will reserve on this argument.

both the explosion and plaintiff's resulting injuries. (Am. Compl. (dkt. #4) ¶¶ 3.6, 3.15.) *See Ehlinger by Ehlinger v. Sipes*, 155 Wis. 2d 1, 12, 454 N.W.2d 754 (1990) ("To establish causation in Wisconsin, the plaintiff bears the burden of proving that the defendant's negligence was a substantial factor in causing the plaintiff's harm."). Thus, plaintiff's allegations successfully state a claim for negligence.

## II. Extrahazardous Activity -- Strict Liability Claim

Next, defendants argue that plaintiff failed to state a claim of strict liability for "extrahazardous" activity. (Mot. Dismiss Br. (dkt. #27) 12.) Wisconsin law imposes strict liability on those engaging in extrahazardous or "abnormally dangerous" activities when doing so results in harm to another.[5] *Fortier v. Flambeau Plastics Co.*, 164 Wis. 2d 639, 667-68, 476 N.W.2d 593 (Ct. App. 1991). Whether an activity qualifies as extrahazardous in the context of strict liability is determined by considering "a number of factors listed in the *Restatement (Second) of Torts* § 520 (1977), including the degree of risk, the likelihood of harm, the ability to eliminate the risk with the exercise of reasonable care, and the value of the activity to the community, among other factors." *Liebhart v. SPX Corp.*, No. 16-cv-700-jdp, 2017 WL 5054730, at *4-*5 (W.D. Wis. Nov 2, 2017) (citing *Fortier*, 164 Wis. 2d at 667-68). While this determination is to be made by the court as a matter of law, the court must do so "in light of the facts presented to the court." *Ind. Harbor Belt R. Co.*

---

[5] The cited case law refers to the kind of dangerous activities that trigger strict liability as "abnormally dangerous" while plaintiff refers to such activities as "extrahazardous." This linguistic difference does not appear material under Wisconsin law as courts seem to use these terms interchangeably. *See, e.g., Wagner*, 143 Wis. 2d at 392; *see also Estate of Thompson v. Jump River Elec. Co-op.*, 225 Wis. 2d 588, 595 n.5, 593 N.W.2d 901 (Ct. App. 1999) ("The terms 'extrahazardous' and 'abnormally dangerous' are used synonymously in Wisconsin.").

*v. Am. Cyanamid Co.*, 916 F.2d 1174, 1176 (7th Cir. 1990) (citing RESTATEMENT (SECOND) OF TORTS § 520, cmt. *l* (Am. Law Inst. 1977)); *Liebhart*, 2017 WL 5054730, at *5. More specifically, the court must consider each factor "*and* the weight given to each that it merits *upon the facts in evidence*." RESTATEMENT (SECOND) OF TORTS § 520, cmt. *l* (emphasis added).

At present, the court is distinctly ill-informed to engage in this inquiry, much less undertake to balance the relevant factors to determine if operating a refinery like that at issue here constitutes an extrahazardous activity under Wisconsin law. While operating a refinery containing combustible chemicals may very well *not* merit strict liability under Wisconsin law, the court cannot say for certain without a developed evidentiary record. *See* RESTATEMENT (SECOND) OF TORTS § 520, cmt. *l* (noting that a determination of whether an activity triggers strict liability should be based upon the facts in evidence). Moreover, defendants have cited no case law holding that the operation of a refinery is *not* extrahazardous as a matter of law. (*See* Mot. Dismiss Br. (dkt. #27) 12.) Finally, whether defendants' activities qualify as extrahazardous will certainly be better answered within the context of a developed evidentiary record following discovery. *See Liebhart*, 2017 WL 5054730, at *5 (holding that the determination of whether demolition qualifies as extrahazardous should be made after discovery). Accordingly, this part of defendant's motion will also be denied.

**III.   Punitive Damages**

Finally, defendant argues that plaintiff has not pleaded allegations sufficient to support a "claim" for punitive damages.[6] (Mot. Dismiss Br. (dkt. #27) 12-13.) Punitive damages may be awarded if a jury determines that defendant's conduct was "either malicious[] or in wanton, willful, or reckless disregard of plaintiff's rights." Wis. JI-CIVIL 1707.  A defendant's conduct "is wanton, willful, or in reckless disregard for plaintiff's rights when it demonstrates an indifference on his or her part to the consequences of his or her actions." *Id.*

Plaintiff has alleged that defendant "acted with intentional disregard for the rights and safety of others." (Am. Compl. (dkt. #4) ¶ 6.2.) Taken in conjunction with defendant's alleged use of a worn valve that resulted in an explosion that injured plaintiff, it is at least conceivable that these or similar facts *could* lead to an award of punitive damages. Like defendant's other arguments, therefore this one, too, is better resolved on a more complete evidentiary record. Accordingly, defendant's motion is denied as to all counts.

---

[6] Notably, in Wisconsin, punitive damages are a remedy, not a freestanding cause of action. *Becker v. Automatic Garage Door Co.*, 156 Wis. 2d 409, 415, 456 N.W.2d 888, 890 (Ct. App. 1990) ("A claim for punitive damages is in the nature of a remedy and should not be confused with the concept of a cause of action." (citing *Brown v. Maxey*, 124 Wis. 2d 426, 431, 369 N.W.2d 677, 680 (1985))). Pleading punitive damages as a cause of action may result in dismissal of that claim, but that does not prevent a plaintiff from seeking punitive damages. *See Karnes v. C.R. Bards, Inc.*, No. 18-cv-931-wmc, 2019 WL 1639807, at *9 (W.D. Wis. April 16, 2019) (dismissing claim for punitive damages, but permitting plaintiff to pursue them should the evidence support them at trial). Defendant, however, does not raise this argument, and it does not change the basic question or answer as to whether the court should address the availability of a punitive damages remedy on the pleadings or a more complete factually-developed record.

ORDER

IT IS ORDERED that:

1) Superior Refining's motion to strike (dkt. #28) is DENIED.

2) Superior Refining's motion to dismiss (dkt. #26) is DENIED.

Entered this 1st day of October, 2019.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge